UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

YANIRA LANTIGUA,

    Plaintiff,

v.                                                Case No. 1:23cv258-AW-HTC

MARTIN O'MALLEY,
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Yanira Lantigua, proceeding *pro se*, seeks judicial review of an order from the Social Security Administration's Appeals Council dismissing, as untimely, her request for the Council's review of the Administrative Law Judge's ("ALJ") unfavorable decision. Doc. 1. After reviewing the parties' submissions, Docs. 7 & 14, the administrative record, Doc. 9, and the relevant law, the undersigned finds the Appeals Council did not abuse its discretion when it dismissed Lantigua's request for review. Thus, the Commissioner's decision should be affirmed.

**I.    Background**

Lantigua filed applications for disability insurance benefits and supplemental security income, alleging a disability onset date of March 15, 2020. T. 116, 127.[1]

---

[1] References to the record will be by "T.," for transcript, followed by the page number.

The applications were denied initially and on reconsideration. T. 123, 134, 147, 157. After holding a hearing, an ALJ issued a decision on April 17, 2023, finding Lantigua was not disabled. T. 34-45. Notice of the decision was mailed to Lantigua on April 17; it advised her that she could file an appeal with the Appeals Council within sixty (60) days of her receipt of the notice. T. 31-33. The notice also advised Lantigua the Appeals Council: (1) would assume she received the notice within five days of it being sent unless she showed she did not receive it during the five-day period; and (2) would dismiss a late request unless she showed good cause for not filing it on time. *Id.*

On August 7, 2023, almost four (4) months later and well beyond the 60-day deadline, Lantigua submitted a request for review to the Appeals Council. T. 18. On August 15, 2023, the Appeals Council sent a letter to Lantigua explaining the June 21, 2023, deadline to request review had passed and requesting that she submit a statement within the next thirty (30) days showing the reason for the late request. T. 10-14. Lantigua did not submit such a statement, and, on September 21, 2023, the Appeals Council found that no good cause existed to extend the time for filing. Thus, the Appeals Council dismissed her request for review. T. 1-5.

On October 24, 2023, Lantigua filed a complaint in this Court, asserting the Commissioner failed to consider "the extenuating circumstances surrounding the late request." Doc. 1 at 5. About a month later, Lantigua filed a memorandum in

support of her complaint, raising arguments regarding both the timing of her request for review and the merits of her disability claim. Doc. 7.

On February 23, 2024, the Commissioner filed a memorandum in support of the Appeals Council's dismissal. Doc. 14. Although the Court gave Lantigua an opportunity to file a response and supplement her prior memorandum in support of the complaint, Lantigua did not file a response or supplement her memorandum. Doc. 13.

## II.   Discussion

A claimant has sixty (60) days from the date she receives notice of the ALJ's decision to request review from the Appeals Council. 20 C.F.R. §§ 404.968(a)(1), 416.1468(a)(1). A claimant may receive an extension of the 60-day deadline if she shows good cause for failing to file a timely request for review. *Id.* §§ 404.968(b), 416.1468(b). To determine whether good cause exists, the Appeals Council considers: (1) what circumstances kept the claimant from making the request on time; (2) whether the agency's action misled the claimant; (3) whether the claimant did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and (4) whether the claimant had any physical, mental, educational, or linguistic limitation which prevented her from filing a timely request or from understanding or knowing about the need to file a timely request for review. 20 C.F.R. §§ 404.911(a), 416.1411(a).

The Appeals Council's dismissal of a request for review as untimely constitutes a "final decision" subject to judicial review under 42 U.S.C. § 405(g). *See Smith v. Berryhill*, 587 U.S. —, 139 S. Ct. 1765, 1771 (2019). A court reviewing such a dismissal must determine whether the Appeals Council abused its discretion. *Id.* at 1779 n.19.

Here, Lantigua has not shown good cause for failing to file a timely request for review with the Appeals Council. Lantigua does not dispute she received notice of the ALJ's unfavorable decision within five (5) days of April 17, 2023, or that her deadline to appeal was June 21, 2023. Nor does she dispute that her August 7, 2023, request for review was untimely, as it came over a month after the deadline passed. T. 18.

Instead, Lantigua contends that, at the same time she submitted her August 7 request for review, she also submitted a "notice to show good cause form," and documents showing good cause for her untimely request. Doc. 7 at 1. However, while the record contains a form titled "Good Cause for Late Filing," Lantigua did not provide any explanation for the late filing despite the instructions on the form. T. 20. The other documents Lantigua submitted on August 7 include: (1) a partial copy of the notice of the ALJ's unfavorable decision; (2) a copy of Lantigua's "Servicepoint" identification card; (3) a "homeless verification" letter from a nonprofit organization dated July 13, 2023; and (4) a referral, an appointment

reminder, and letters related to Lantigua's medical condition and treatment.  T. 22-30.  Except for the notice of the ALJ's decision, all these documents are either undated or postdate the June 21, 2023, appeal deadline.  And none of the documents suggest Lantigua could not have filed a timely request for review.  Thus, Lantigua's August 7 filing did not show good cause for her untimely request for review.

Lantigua also claims she never received the Appeals Council's August 15, 2023, letter informing her she needed to show good cause for her late filing within thirty days.  Doc. 7 at 1.  However, she has not presented any evidence which indicates she did not receive the August 15 letter.  Furthermore, the August 15 letter was sent to: (1) the same address Lantigua listed on her request for review; and (2) the same address the ALJ's decision and the Appeals Council's dismissal were mailed, both of which she received.  T. 1, 14, 18, 31.  Additionally, the August 15 letter was sent to Jodi Ann Zakaria, an individual who previously represented Lantigua in relation to her disability claim.[2]  T. 10, 12.  Lantigua did not file a response to the August 15 letter within thirty (30) days, as she was directed to do.

Lastly, the information Lantigua provided with her complaint in this case does not establish good cause for failing to file a timely appeal.  Lantigua's complaint asserts she filed her request for review late because she was homeless and dealing

---

[2] Lantigua filed a statement on September 13, 2023, telling the Social Security Administration she dismissed Zakaria in 2021 and to stop sending Zakaria correspondence.  T. 8.  This letter strongly suggests Lantigua received a copy of the August 15 letter.

Case No. 1:23cv258-AW-HTC

with a missing child. Doc. 1 at 5. However, the flyer Lantigua submitted shows her son went missing on August 12, 2023, Doc. 1 at 17, and the "homeless verification" letter she submitted is dated September 7, 2023, Doc. 1 at 19, which, again, are both after the June 21, 2023, appeal deadline.

Based on the foregoing, the undersigned finds Lantigua has not established good cause under 20 C.F.R. §§ 404.911(a), 416.1411(a) for her untimely request for review, and the Appeals Council did not abuse its discretion when dismissing that request. Thus, the decision of the Appeals Council should be affirmed and this case dismissed for failure to exhaust.

Accordingly, it is RECOMMENDED:

1. That the decision of the Appeals Council dismissing Lantigua's appeal of the ALJ's decision as untimely be AFFIRMED.

2. The clerk be directed to enter judgment in favor of the Commissioner and close the file.

At Pensacola, Florida, this 24th day of April, 2024.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.